**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WILLIE MACON

Plaintiff,

Case No.: 6:26-cv-1311-GAP-NWH

v.

FOXTAIL STORE 1022, LLC,
Florida Limited Liability Company
d/b/a MILKHOUSE,

Defendant.

**DEFENDANT FOXTAIL STORE 1022, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant Foxtail Store 1022, LLC d/b/a Milkhouse ("Milkhouse"), by and through its undersigned counsel, answers Plaintiff Willie Macon's Complaint [Doc. No. 1] as follows:

1. Denied.

2. Denied.

3. Denied that Defendant's website is inaccessible and denied that Plaintiff is entitled to any of the relief requested in the Complaint.

**JURISDICTION AND VENUE**

4. Admitted that the Court has subject matter jurisdiction over this case.

5. Admitted that venue is proper in this Court.

6. Denied, except admitted that Milkhouse offers products and services online to consumers in Orange County, Florida.

7. Admitted that Milkhouse has a store located at 201 North Bumby Avenue in Orlando, Florida.

8. Denied.

## PARTIES

9. Without knowledge.

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Without knowledge.

15. Admitted.

16. Denied, except admitted that Milkhouse has a website located at www.milkhousesocial.com, that the website speaks for itself, and that Milkhouse sells goods and services at its Bumby Avenue store.

17. Denied, except admitted that Milkhouse has a website located at www.milkhousesocial.com and that the website speaks for itself.

18. Admitted that Milkhouse is open to the public.

19. Denied, except admitted that Milkhouse has a website and that the website contains information about Milkhouse.

20. Denied, except admitted that Milkhouse is subject to the ADA and that Milkhouse does not discriminate and individuals with disabilities.

## FACTUAL AND SUBSTANTIVE ALLEGATIONS

21. Denied, except without knowledge as to whether Plaintiff intends to patronize the Milkhouse at 201 North Bumby Avenue in Orlando, Florida.

22. Denied, except admitted that Milkhouse has a website and that the website contains information about Milkhouse.

23. Denied, except admitted that Milkhouse has a website and that the website contains information about Milkhouse.

24. Denied, except without knowledge whether Plaintiff has difficulty when leaving his house.

25. Denied, except without knowledge whether Plaintiff views websites for any purpose other than testing them for ADA compliance.

26. Denied, except without knowledge whether Plaintiff uses screen reader software.

27. Denied, except without knowledge as to whether Plaintiff accessed Defendant's website on March 2, 2026, March 12, 2026, or March 27, 2026.

28. Denied.

29. Denied.

30. Denied.

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

31. Milkhouse incorporates its responses to paragraphs 1 through 30.

32. Admitted that the ADA speaks for itself.

33. Admitted that the cited authorities speak for themselves.

34. Admitted that the cited authorities speak for themselves.

35. Admitted that the cited authorities speak for themselves.

36. Admitted that the cited authorities speak for themselves.

37. Admitted that the cited authorities speak for themselves.

38. Admitted that the cited authorities speak for themselves.

39. Admitted that the cited authorities speak for themselves.

40. Denied.

41. Admitted.

42. Denied, except admitted that the website contains information about Milkhouse.

43. Denied, except admitted that Milkhouse endeavors to comply with the requirements of the ADA.

44. Admitted that the ADA speaks for itself.

45. Admitted that the referenced statute speaks for itself.

46. Admitted that the referenced statute speaks for itself.

47. Admitted that the referenced statute speaks for itself.

48. Admitted that the referenced statute speaks for itself.

49. Denied, except admitted that the referenced statute speaks for itself, and without knowledge as to Plaintiff's disability.

50. Denied.

51. Denied, except without knowledge as to whether Plaintiff's expert visited the Milkhouse website on March 3, 2026.

52. Denied.

53. Denied, except without knowledge as to the specific online accessibility guidelines to which Plaintiff refers.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied that Plaintiff is entitled to recover attorneys' fees and costs.

62. Denied that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over this action because any accessibility barriers alleged in the Complaint have been removed voluntarily.

2. Plaintiff lacks standing to sue because he did not patronize Milkhouse or access its website before filing the Complaint.

3. Plaintiff lacks standing because he did not personally encounter the ADA violations alleged in the Complaint.

4. Plaintiff lacks standing because he cannot demonstrate a real and immediate threat of future injury, including a genuine intent to return to the website or the premises, or deterrence from doing so.

5. Plaintiff's claim is barred, in whole or in part, because the modifications he requests are not readily achievable, are structurally impracticable, or are technically infeasible.

6. The Plaintiff lacks standing because he was not denied access to or enjoyment of any of the premises and therefore has not suffered any injury-in-fact.

7. Plaintiff's claim is moot, in whole or in part, because any barriers alleged and shown to exist have been or will be voluntarily removed or modified to the extent removal or modification is readily achievable and technically feasible.

8. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

9. Plaintiff's claim is barred, in whole or in part, because Milkhouse has complied with all of its legal obligations under the ADA.

10. Plaintiff's claim is barred, in whole or in part, because Milkhouse has adequately provided access through alternative methods that were readily achievable.

11. Plaintiff's claims fail to the extent they challenge website features that are informational only and lack any nexus to goods, services, facilities, privileges, advantages, or accommodations of the physical premises open to the public.

12. Plaintiff's claims are barred to the extent they concern content, plug-ins, or platforms owned, operated, or controlled by third parties for which Milkhouse is not responsible and over which it lacks control.

13. Milkhouse has provided, and continues to provide, effective communication and auxiliary aids and services by methods that are readily achievable, which is sufficient to satisfy its obligations under the ADA.

14. Any alleged technical noncompliance did not result in denial of access to, or enjoyment of, Milkhouse's goods, services, or facilities and therefore does not give rise to relief.

WHEREFORE, Milkhouse demands judgment dismissing Plaintiff's Complaint with prejudice, awarding Milkhouse its reasonable attorneys' fees and costs of action, and granting any other relief the Court deems proper.

Dated, August 24, 2026

*/s/ Michael J. Furbush*

Michael J. Furbush, Esq.
Florida Bar No. 70009
Michaela N. Kirn, Esq.
Florida Bar No. 1018863
DEAN, MEAD, EGERTON, BLOODWORTH,
CAPOUANO & BOZARTH, P.A.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801
Telephone: 407-841-1200
Facsimile: 407-423-1831
Email: mfurbush@deanmead.com
Email: mkirn@deanmead.com
Email: acandelario@deanmead.com
***Attorneys for Foxtail Store 1022, LLC d/b/a Milkhouse***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

*/s/ Michael J. Furbush*
Michael J. Furbush, Esq.