UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:26-cv-01311-GAP-NWH

WILLIE MACON,

Plaintiff,

vs.

FOXTAIL STORE 1022, LLC
Florida Limited Liability Company
d/b/a MILKHOUSE

Defendant(s).
_______________________________________/

**ANSWERS TO COURT'S INTERROGATORIES**

Plaintiff, WILLIE MACON ("Plaintiff"), by and through his undersigned counsel, hereby files his Verified Statement Responding to the Court's Interrogatories, and in support thereof would state:

1. **Residence Address.**

   Plaintiff resides at 5905 Wolf Road, Orlando, Florida 32808.

2. **Name of current employer and place of employment.**

   None

3. **Date(s) and time(s) that you visited the subject website.**

   Plaintiff visited Defendant's website, located at https://www.milkhousesocial.com/ ("Defendant's Website"), on the following dates:

a. March 02, 2026;

b. March 12, 2026; and

c. March 27, 2026.

**4. Purpose of your visit(s) and duration of your stay(s).**

Plaintiff visited Defendant's Website as a bona fide patron seeking full and equal access to and full and equal enjoyment of Defendant's online products, content, services, and other information offered through Defendant's Website. During each visit, Plaintiff was attempting to browse the offerings and online offers to educate himself as to the offerings, sales, discounts, and promotions being offered, with the intent of making a purchase through Defendant's Website or at Defendant's principal place of business, located at 201 N Bumby Ave, Orlando, Florida 32803. Plaintiff remains interested in patronizing, and intends to patronize in the near future, Defendant's Website and Defendant's principal place of business once the access barriers are removed or remedied.

The opportunity to search and utilize Defendant's Website from his home, including accessing information about Defendant's goods and services, viewing menus, placing orders, and signing up for electronic communications to receive offers, benefits, exclusive invitations, and discounts, is an important accommodation for Plaintiff because traveling outside of his home as a visually disabled individual is often difficult, hazardous, frightening, frustrating, and confusing. Like many consumers, Plaintiff accesses numerous websites at a time to compare offerings, prices, sales, discounts, events, and promotions.

Plaintiff intended to visit the Principal Place of Business of Defendant but was unable to learn the required information to do so.

**5. Did anyone else accompany you? If so, who?**

No, but subsequently an expert confirmed the barriers encountered.

**6. Describe the nature of your disability.**

Plaintiff is legally blind from Traction Retinal Detachment, Neovascular Glaucoma, and other ocular complications caused by Diabetes Type I, and is therefore substantially limited in performing one or more major life activities, including but not limited to seeing and accurately visualizing his world. Plaintiff is

disabled as defined by the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. As a result of his visual impairment, Plaintiff cannot use a computer without the assistance of appropriate and available auxiliary aids and requires assistive technologies for effective communication. Plaintiff uses commercially available screen reader software, which translates the visual internet into an auditory equivalent, to access and comprehend digital content, including text messages, emails, and websites.

7. **Specifically list each barrier that you personally observed or experienced on this website.**

   a. **H1 Does Not Describe Page Purpose**

      i. **Issue:** The heading "WELCOME TO OUR" is designed as an H1 element, yet it fails to articulate the primary purpose or topic of the page. An H1 must distinctly define the main subject of the page, and the use of an ambiguous phrase as the main heading obstructs screen reader users from comprehending the page's content and purpose when navigating by headings. Screen reader users depend on the H1 to swiftly ascertain the page's context, and this mislabeling establishes an insurmountable barrier to understanding the content structure and intent.

      ii. **WCAG 2.1 AA Violations: 1.3.1 - A - Info And Relationships**

   b. **Incorrect Alternative Text for Logo Image**

      i. **Issue:** The logo image is characterized by alternative text that is merely a file name, such as "Icon-Wht.png," instead of meaningful text. This fails to portray the brand or purpose of the image, rendering it impossible for screen reader users to recognize the image as representing the website logo and the site's overall identity.

      ii. **WCAG 2.1 AA Violations: 2.4.1 - A - Bypass Blocks**

   c. **Missing Alternative Text on Brand Logo Links**

      i. **Issue:** Image links such as "Foxtail Coffee Co.", "Ravenous Pig Brewing Co.", "Swine & Sons", and "Kelly’s Homemade Ice

Cream" lack alternative text. Since these logos function as clickable links, screen reader users are deprived of hearing the brand name, making it impossible to discern the purpose and destination of each link while navigating the page.

ii. **WCAG 2.1 AA Violations: 1.1.1 - A - Non Text Content**

**d. Decorative Images Have Unnecessary Alternative Text**

i. **Issue:** Decorative images on the page are accompanied by descriptive alternative text despite not conveying meaningful information. Screen reader users are forced to endure these extraneous descriptions, which introduce unwarranted noise and complicate access to important content. As these images serve only aesthetic purposes and do not provide information, announcing them generates an insurmountable barrier to efficient navigation and focus on pertinent content.

ii. **WCAG 2.1 AA Violations: High - 1.1.1 A**

**e. Menu and MenuItems Are Not Programmatically Defined**

i. **Issue:** The menu and its menuitems lack proper programmatic definitions using appropriate semantic roles, preventing assistive technologies from recognizing the component as a menu. Consequently, users cannot comprehend the relationship between the menu and its items. Keyboard users also face challenges as they cannot navigate between menuitems using arrow keys, making the menu navigation inefficient.

ii. **WCAG 2.1 AA Violations: 4.1.2 - A - Menubar**

**f. Text Displayed as Image Instead of Real Text**

i. **Issue:** The text "Milk House" and "House" is presented as images rather than actual HTML text, which obstructs screen readers from effectively reading the content, thereby denying users dependent on assistive technology access to the heading information. Since the text is rendered as an image, it cannot be resized, customized, or properly interpreted by assistive technologies, establishing an impenetrable barrier for users requiring text scaling or high contrast settings.

ii. **WCAG 2.1 AA Violations: 1.1.1 - A, 1.4.5 - AA - Images Of Text**

**g. Non-Heading Text Incorrectly Marked as Heading**

i. **Issue:** The text "A great community which embraces small business owners" is visually intended as descriptive content; however, it is erroneously marked as a heading element. This text neither introduces a new section nor outlines a content structure, yet it is misidentified as a heading. Screen reader users rely on headings for navigation and understanding page structure, and this misuse impedes their comprehension of the page's true hierarchical structure.

ii. **WCAG 2.1 AA Violations: 1.3.1 - A - Info And Relationships**

**h. Links Opening in New Window Not Programmatically Defined**

i. **Issue:** The links "Milkhouse - Orlando's Milk District" and "Directions" initiate new window tabs upon activation, yet this behavior is not programmatically conveyed to users relying on assistive technologies. As screen reader users are uninformed about the new tab or window opening, it disrupts their ability to anticipate changes in context.

ii. **WCAG 2.1 AA Violations:** 3.2.2 - A, 2.4.4 - A - On Input

**i. Operating Hours Incorrectly Marked as Headings**

i. **Issue:** The texts "MON-THURS:", "FRI-SAT:", "SUN:" and their associated times are mistakenly marked as heading elements, though they represent operating hours and do not introduce new sections. Such incorrect use of headings disrupts screen reader users' navigation and comprehension of the page's content hierarchy.

ii. **WCAG 2.1 AA Violations:** 1.3.1 - A - Info And Relationships

**j. PDF Document Is Not Accessible**

i. **Issue:** The PDF document available on the page lacks accessibility for screen reader users due to improper tagging

and absence of a logical reading structure. Without necessary structuring elements such as headings and alternative text, users reliant on assistive technology cannot comprehend or navigate the content.

ii. **WCAG 2.1 AA Violations:** 1.1.1 - A, 1.3.1 - A, 2.4.2 - A, 3.1.1 - A, 4.1.2 - A - #Pdf

8. **Did you take notes or make a contemporaneous record of these barriers? If so, please attach a copy to these Answers.**

Plaintiff did not personally take photographs or written notes due to his blindness. However, the access barriers Plaintiff encountered were confirmed and documented by Plaintiff's expert, Till Paris, who evaluated Defendant's Website on or about March 3, 2023. The Declaration of Till Paris setting forth the access barriers found on Defendant's Website was attached to the Complaint as Composite Exhibit 1.

Additionally, a User Journey Video was taken documenting the barriers encountered.

9. **Please list any other Title III cases in which you have been a party in this District.**

I have been a plaintiff in approximately 23 Title III cases in this district. Please see attached "Select a Case" printout from the Middle District of Florida Electronic Case Filing System, attached hereto as ***Exhibit A*.**

# **VERIFICATION**

Pursuant to 28 U.S.C. § 1746. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: 08/25/2026

By: Willie Macon

**Willie Macon**
**Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

**ADA LEGAL TEAM, LLC**
300 Avenue of the Champions, Suite 260
Palm Beach Gardens, FL 33418
Phone: (561) 227-9821
Facsimile: (561) 491-9459

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
**DESIGNATED LEAD COUNSEL**
**Primary Email:** greg@sconzolawoffice.com
**Secondary Email**: greg@adalegalteam.com
**Secondary Email:** kevin@adalegalteam.com
**Attorney for Plaintiff**